$a,813-13$

IN THE
TEXAS COURT OF CRIMINAL APPEALS

Ex parte                          §
                                  §
                                  §
ALAN WADE JOHNSON                 §        WRIT No._____
                                  §
                                  §
                                  §        Case No. C-213-010420-0105-293-C
                                  §                 213th District Court
                                  §                 Tarrant County, TX
                                  §
                                  §        MOTION DENIED
                                  §        DATE: 4-30-15

APPLICANT'S EMERGENCY MOTION TO SET     BY: PC
ASIDE DISTRICT COURT'S ORDER TO ADOPT

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES, ALAN WADE JOHNSON, Applicant, Pro-se in the above styled and numbered case, that is now before this Court, submits his EMERGENCY MOTION TO SET ASIDE DISTRICT COURT'S ORDER TO ADOPT, dated April 14, 2015, by Judge Louis Sturns. This motion is made pursuant to Rule 10.3(3), Texas Rules of Appellate Procedure, Articles 2.01 and 2.03(a)(b), Texas Code of Criminal Procedure, Rule 13, Texas Rules of Civil Procedure, and in support would show the Court the following:

I.
HISTORY OF PROCEEDINGS

Applicant filed his Application for Writ of Habeas Corpus to which six(6) Grounds were cited for relief, along with his Memorandum of Law in Support of His 11.07 Habeas Corpus Application, and his Motion To Name Applicant By Pseudonym on March 13, 2015.

Applicant filed his Motion To Recuse Judge Sturns on March 23, 2015.

State through it's Counsel Andrea T. Jacobs, State Bar No. 24037596, filed it's Response To Application for Writ of Habeas Corpus on March 31, 2015.

State through it's Counsel Andrea T. Jacobs, State Bar No. 24037596, filed it's Proposed Memorandum of Findings of Fact and Conclusions of Law, along with Order for the Court to sign on April 2, 2015.

Applicant filed his Motion To Strike State's Response to Application for Writ of Habeas Corpus for Rule 13, Texas Rules of Civil Procedure on April 13, 2015.

Honorable Judge Evans, Presiding over the Eighth Judicial Region of Texas, entered his Order Denying Motion To Recuse on April 13, 2015.

Judge Sturns of the 213th Judicial District Court, Adopted the State Proposed Memorandum of Finds of Fact and Conclusions of Law and signed the State's proposed Order denying Applicant relief on April 14, 2015.

Applicant filed his REQUEST FOR JUDICIAL NOTICE on April 17, 2015.

**Applicant's Motions to Strike and Request for Judicial Notice were not ruled upon...** Case(s) were sent to this Honorable Court on April 17, 2015.

## II.
## SUPPRESSION OF MATERIAL FACTS
## BY STATE'S COUNSEL TO DENY APPLICANT DUE PROCESS

State's Counsel Jacobs, Officer of the Court was under the statutory and constitutional provisions to see justice is done. In this instant case, she deliberately suppressed material facts and the law, that was favorable and material to the Applicant's Grounds for relief for the "**sole purpose**" to deny Applicant's due process and due course of law rights by:

1). Violating Articles 2.01 and 20.3(3), Texas Code of Criminal Procedure, Rule 13, Texas Rules of Civil procedure and the Rules of Professional Conduct (State Bar of Texas) when she falsely represented to the Court:

a). Applicant was legally released on parole for LIFE on October 8, 2012 in Case Numbers 5476, 6879 and 6880 (**See State's Response, Page 4**);

b). Applicant would not discharge his judgements in Case Numbers 5476, 6879 and 6880 until March 4, 2026 (**See State's Response Page 8**)'

When she actually knew Applicant had fully served and discharged these said judgements in June 1996, 16-years earlier (**See TEXAS CIVIL STATUTES ANN. ARTICLE 6184L (VERNON 1970)(Repealed 1977)**, as she was completely aware the statutory good time law in effect when these offenses occurred in 1975, applied to Applicant were in fact true...

However, State's Counsel Jacobs on behalf of the State **suppressed the law and material facts** to influence the Court to Adopt her Proposed Memorandum, Findings of Fact and Conclusions of Law; which would deny the Applicant **due process** and **due course of law**. All while knowing her claims were false...

Furthermore, she failed in her duty to correct known false evidence when her suppression of law and material facts were revealed in Applicant's Motion To Strike State's Response for Rule 13 violations. Judge Sturns refused to consider and rule on Applicant's Motion To Strike, and made a cursory view of Applicant's pleading...while

As a result of her gross misconduct as an Officer of the Court, Applicant did **not** receive a fair and impartial ruling on the merits of his Application, and Judge Sturns cursory look of his claims **added further harm**...thereby the deliberate misconduct of State's Counsel supression of the law and material facts and the Court's **failure** to recognize the misconduct, **after** it was brought to the Court's attention - **reveals the combined actions asphyxiated Applicant's due process and due course of law rights, and effectively slammed the 213th District Court's door in his face...!** Had Applicant acted in such a manner, he would have been prosecuted!

## PRAYER

**WHEREFORE, PREMISED CONSIDERED** Applicant respectfully prays the Court Set Aside the District Court's Order To Adopt State's Proposed Memorandum, Findings of Fact and Conclusions of Law, Reverse the Court denial recommendation, Report State's Counsel Jacobs's misconduct to the Texas State Bar. Any other and further relief to which Applicant is entitled is asked for in all things.

DATE: **April 23, 2015.**

Respectfully submitted,

ALAN WADE JOHNSON, Applicant
Pro-se, Reg. No. 09541-079
U.S.P. Atlanta, A1-Unit
P.O. Box 150160
Atlanta, GA 30315-0160

## VERIFICATION

Applicant under penalty of perjury he has read the above and foregoing pleading(APPLICANT'S EMERGENCY MOTION TO SET ASIDE DISTRICT COURT COURT'S ORDER TO ADOPT), and that every statement contained therein is within the personal knowledge of the Applicant, and that which is not he believes them to be true and correct too. This Oath is taken pursuant to Title 28 U.S.C. Section 1746, executed this 23rd day of April, 2015.

**ALAN WADE JOHNSON, Affiant**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading above was forwarded to the District Attorney of Tarrant County, Texas, by placing the same in a sealed and postage pre-paid envelope addressed to 401 West Belknap, Fort Worth, TX 76196-0201, by depositing same at the prison mail room on this 23rd day of April, 2015.

**ALAN WADE JOHNSON, Applicant**